Filed 3/5/14  Perry v. Whiterock CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

|  |  |
|---|---|
| DESIREE PERRY,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>EMILE WHITEROCK,<br><br>        Defendant and Appellant. | A139450<br><br>(Mendocino County<br>Super. Ct. No. SCUKCVSP 11-59522) |

A mother with sole physical custody of her children sought to relocate to Louisiana where her new husband obtained employment. The children's father opposed the relocation and filed a modification motion to gain physical custody. Following an evidentiary hearing, the court denied the father's motion to restrain the relocation and to modify custody. We shall affirm the order.

**Statement of Facts and Procedural History**

The record is incomplete and the parties' briefs provide only a skeletal outline of testimony elicited at a single hearing. The following facts appear in the limited documents provided to us. In December 2011, Desiree Perry (Mother) filed a civil paternity action against Emile Whiterock (Father). The parties were never married but lived together for many years. It appears that paternity was proven or admitted because the parties agree that Mother and Father are the parents of three children who, at the time of the hearing in 2013, were ages 2, 5 and 13.

In October 2012, the court issued an order awarding the parents joint legal custody and Mother sole physical custody. Father was granted visitation with the children. In

February 2013, Mother's husband was offered a job in Louisiana. In April 2013, Mother filed with the court a request to relocate the children to Louisiana and to modify visitation. Father opposed relocation and, in May 2013, petitioned for modification of custody to award him sole legal and physical custody.

The court conducted an evidentiary hearing over the course of four days in June and July 2013. Mother and Father were each represented by counsel. Eleven witnesses testified, including Mother and Father. On July 23, 2013, the court filed its order denying Father's petition to restrain the relocation and to modify custody. Mother's request for relocation was granted. Mother was awarded sole physical and legal custody. Father was granted regular visitation and daily video teleconferencing. On August 1, 2013, Father filed a timely notice of appeal challenging the court's order.

**Discussion**

*General principles*

A parent who has been awarded sole physical custody of a child by way of a final judicial custody determination has the presumptive right to move away with the child. (Fam. Code, § 7501; *In re Marriage of Burgess* (1996) 13 Cal.4th 25, 35.) "Once the trial court has entered a final or permanent custody order reflecting that a particular custodial arrangement is in the best interest of the child, 'the paramount need for continuity and stability in custody arrangements – and the harm that may result from disruption of established patterns of care and emotional bonds with the primary caretaker – weigh heavily in favor of maintaining' that custody arrangement." (*In re Marriage of Brown and Yana* (2006) 37 Cal.4th 947, 956.)

A court may restrain a custodial parent's relocation of a child only if relocation "would prejudice the rights or welfare of the child." (Fam. Code, § 7501, subd. (a).) The noncustodial parent "bears the initial burden of showing that the proposed relocation of the child's residence will cause detriment to the child, requiring a reevaluation of the existing custody order." (*In re Marriage of Brown and Yana, supra,* 37 Cal.4th at pp. 959-960.) "If the noncustodial parent makes the required initial showing of detriment, the court is then obligated to 'perform the delicate and difficult task of determining

2

whether a change in custody is in the best interests' of the child." (*Id.* at p. 960.) "[A] reviewing court generally will leave it to the trial court to assess the detrimental impact of a proposed move" and whether a change in custody is in the best interests of the child. (*Id.* at p. 961.) A trial court's order permitting a custodial parent to move away with a child must be affirmed absent an abuse of discretion. (*In re Marriage of Burgess, supra,* 13 Cal.4th at p. 32; *In re Marriage of Abargil* (2003) 106 Cal.App.4th 1294, 1298.)

*The court did not abuse its discretion in permitting mother to retain custody and move away with the children.*

Father contends the court should have determined if the best interests of the children were served by the proposed relocation and that the court placed an improper burden upon him in requiring him to show that relocation would cause detriment to the children. The court applied the correct standard. A court broadly considers the best interests of the children when making an *initial* custody determination. (*In re Marriage of Brown and Yana, supra,* 37 Cal.4th at p. 955.) "When a final judicial custody determination is in place . . . and a noncustodial parent seeks to modify custody in response to a proposed relocation, the trial court must apply the changed circumstances rule." (*Id.* at p. 959.) Under the changed circumstances rule, the noncustodial parent "bears the initial burden of showing that the proposed relocation of the child's residence will cause detriment to the child, requiring a reevaluation of the existing custody order." (*Id.* at pp. 959-960.) The trial court correctly observed that Father, as the noncustodial parent, had "the burden to show that there's detriment by virtue of [Mother's] desire to move to Louisiana." The court, however, did not rest its determination solely upon a lack of detriment. As a matter of prudence, the court also discussed the best interests of the children and found that relocation with Mother was in their interest.

Father contends the court's findings lack foundation because no independent custody evaluation was performed. A custody evaluation is not mandatory. In a contested proceeding involving child custody, "the court *may* appoint a child custody evaluator to conduct a child custody evaluation." (Fam. Code, § 3111, italics added.) The court denied Father's request for a custody evaluation in this case noting time and resource constraints

3

and the court's existing familiarity with the case that made an evaluation unnecessary. The court had resolved previous custody and visitation conflicts between the parties. In deciding to proceed without a custody evaluation on this occasion, the court observed: "I've heard a lot of evidence in this case already. I have a vast familiarity with the parties and their circumstances . . . ." The court properly exercised its discretion in denying Father's request for appointment of a custody evaluator.

Nor did the court abuse its discretion in finding that the proposed relocation of the children will not cause detriment to them and was in their best interest. Father asserts that the court "should have placed greater emphasis" on the children's ties to their Native American extended family and community, Father's history as a caregiver, and the children's emotional well-being. The record, however, shows that the court received and considered extensive evidence on these matters. The court was sensitive to the children's heritage and noted that it was allowing "significant visitation time" to ensure preservation of the children's "connection to the Native American culture and the traditions of the Pomo tribe." The court also acknowledged Father's close relationship with his children and the emotional impact on the children, especially the eldest who wished to live with Father.

Ultimately, the court concluded that the children should stay together as a family and that "the stability and the continuity of [Mother] continuing to have custody of these kids is important." The court also found that Mother should assume sole legal custody because shared legal custody over the previous year had produced parental conflicts that "affects the kids in monumental ways" and those conflicts were likely to worsen with distance. Custody determinations present "heart-wrenching circumstances" and task trial courts with difficult choices. (*In re Marriage of LaMusga* (2004) 32 Cal.4th 1072, 1101.) We cannot say the trial court here abused its discretion in allowing Mother to retain physical custody of the children and to assume sole legal custody when she moved out-of-state.

4

**Disposition**

The order is affirmed.

_____
Pollak, J.

We concur:

_____
McGuiness, P. J.

_____
Jenkins, J.